# FEDERAL PUBLIC DEFENDER

## FOR THE NORTHERN DISTRICT OF TEXAS

JASON D. HAWKINS
FEDERAL PUBLIC DEFENDER

500 SOUTH TAYLOR STREET
SUITE 110
AMARILLO, TEXAS 79101

J. MATTHEW WRIGHT
ASSISTANT FEDERAL PUBLIC DEFENDER
matthew_wright@fd.org

PHONE 806-324-2370

**Via ECF**

September 8, 2022

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

> **Re:** *United States v. Rahimi*, **No. 21-11001: Citation of Recent Decision in** *Frein v. Pennsylvania State Police,* **No. 21-1830, 2022 WL 3724097 (3d Cir. Aug. 30, 2022)**

Dear Mr. Cayce:

The parties agree that Seventeenth Century English laws allowed confiscation of weapons from individuals the Crown or Parliament deemed to be "dangerous." We disagree about whether the American Second Amendment was designed to prohibit this practice. *See* U.S. Supp. Br. 22 (citing the Militia Act of 1662).[1]

Last Tuesday—the same day as argument in this case—the Third Circuit recognized that the English habit of seizing weapons from people the government deemed dangerous "planted" "the seeds of the Second Amendment" here in America. *Frein v. Pennsylvania State Police*, No. 21-1830, 2022 WL 3724097, at *5 (3d Cir. Aug.

---

[1] The 1662 Militia Act came after the Restoration of the Monarchy, not before. I misstated the chronology during argument.

30, 2022) (citing Stephen P. Halbrook, *That Every Man Be Armed* 43, 62, 210 n.40 (1984), Joyce Lee Malcolm, *To Keep and Bear Arms* 23–53, 115–21 (1994), and Stephen P. Halbrook, *Encroachments of the Crown on the Liberty of the Subject: Pre-Revolutionary Origins of the Second Amendment*, 15 U. Dayton L. Rev. 91, 105 (1989)).

*Frein* assumed—probably in dicta—that history and tradition support confiscation of "guns from those who have been convicted of serious crimes *or committed dangerous acts*." 2022 WL 3724097, at *6 (emphasis added). But even if that is true, it would not save § 922(g)(8). The statute does not merely "confiscate" guns used to threaten or intimidate others. The law totally bans all possession of firearms, even within the defendant's own home, even if that home is nowhere near the person protected by the court order. And it does so without requiring proof that the defendant ever committed a dangerous act against the victim.

The Government has yet to identify a single historical law that burdened the right of an American citizen so severely under comparable circumstances. It certainly has not identified a tradition of totally banning a citizen's possession of firearms that was "open, widespread, and unchallenged since the early days of the Republic." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2137 (2022).

Respectfully submitted,

/s/ J. Matthew Wright
Assistant Federal Public Defender

cc (via ECF):     William A. Glaser

## Certificate of Compliance

1. This document complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of the letter contains 346 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using MS Word, Goudy Old Style, 14-point font. The footnote is in 12-point font.

3. This document has been scanned with the latest version of a Commercial Antivirus Software.

/s/ J. Matthew Wright