# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 12, 2024
Lyle W. Cayce
Clerk

No. 21-11001

United States of America,

*Plaintiff—Appellee,*

versus

Zackey Rahimi,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-83-1
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Jones, Ho, and Wilson, *Circuit Judges*.

Per Curiam:

This case is before us on remand from the Supreme Court. The district court and a prior panel of this court rejected Zackey Rahimi's facial challenge to 18 U.S.C. § 922(g)(8) and upheld his conviction under that statute. *See United States v. Rahimi*, No. 21-11001, 2022 WL 2070392 at *1 n.1 (5th Cir. June 8, 2022) (withdrawn July 7, 2022). The prior panel then withdrew that opinion and requested additional briefing addressing *N.Y.*

*State Rifle & Pistol Association. v. Bruen*, 142 S. Ct. 2111 (2022), which the Supreme Court handed down shortly after our court's initial affirmance of Rahimi's conviction. *United States v. Rahimi*, No. 21-11001, 2022 WL 2552046, at *1 (5th Cir. Jul. 7, 2022). The case was then assigned to this panel, which, after the supplemental briefing and oral argument, re-evaluated this court's Second Amendment jurisprudence and concluded that under *Bruen*, § 922(g)(8) failed to pass constitutional muster. *United States v. Rahimi*, 61 F.4th 443, 461 (5th Cir. 2023). We therefore reversed the district court's contrary ruling and vacated Rahimi's conviction. *Id.* The Supreme Court, clarifying its *Bruen* test, reversed our judgment and held that § 922(g)(8) is facially constitutional. *United States v. Rahimi*, 602 U.S. ----, 144 S. Ct. 1889 (2024).[1]

The facts of this case are well-recounted in this court's prior opinions, *e.g.*, 61 F.4th at 448–50, so we do not recite them again here. In his appeal, Rahimi raised only two issues: his facial challenge to § 922(g)(8), and whether the district court erred in imposing his sentence to run consecutively with any state sentences imposed. Rahimi did not lodge an as-applied or due-process challenge to § 922(g)(8), or otherwise contest his conviction. Based on the Supreme Court's ruling rejecting his constitutional claim, we therefore affirm his conviction.

---

[1] We read the Court's analysis in *Rahimi* to have modified *Bruen* in at least one relevant respect. In *Bruen*, the Court instructed that surety laws provided no historical analogue for banning a person from having a gun, because surety laws only required "certain individuals to post bond before carrying weapons in public." 597 U.S. at 55. "These laws were not *bans* on public carry." *Id.*; *see also id.* at 59 (same). So any "reliance on [surety laws] [was] misplaced." *Id.* at 55. In *Rahimi*, the Court announced that surety laws "confirm" that covered individuals "may be disarmed." 602 U.S. at ----, 144 S. Ct. at 1901.

With Rahimi's constitutional challenge settled, we briefly discuss his sentencing claim. Weighing the facts underlying Rahimi's federal and state offenses against the Guidelines, the district court concluded that the conduct underlying his state offenses was not "relevant conduct" under U.S.S.G. § 1B1.3. *Cf.* U.S.S.G. § 5G1.3(c) (providing that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction," *see* U.S.S.G. § 1B1.3(a)(1)-(3), the sentence for the instant federal offense should run concurrently to the anticipated state sentences). Based on that finding, the court ordered Rahimi's 73-month federal sentence to run consecutively to any sentences stemming from his pending state charges.[2]

This court initially addressed—and rejected—Rahimi's contention that the district court erred when it ordered his federal sentence to run consecutively with any sentences imposed as a result of pending state-court charges. Post-*Bruen*, we did not address Rahimi's sentencing issue because we vacated Rahimi's conviction. *See* 61 F.4th at 449 n.4. Given that Rahimi's conviction stands, we now also affirm his sentence.

A district court has the discretion to order its sentences of imprisonment to be served concurrently or consecutively to anticipated state terms of imprisonment. *Setser v. United States*, 566 U.S. 231, 236 (2012). The sentencing court's determination of what constitutes relevant conduct is a factual finding that is reviewed for clear error. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019). A determination of relevant conduct is "not clearly erroneous as long as [it is] 'plausible in light of the record as a

---

[2] At the time Rahimi filed this appeal, he faced four state charges stemming from his use of a firearm: three related to Rahimi's physical assault of his girlfriend in December 2019, and one from Rahimi's aggravated assault of a different woman in November 2020.

whole.'" *United States v. Ortiz*, 613 F.3d 550, 557 (5th Cir. 2010) (quoting *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009)).

Rahimi argues that his four state charges "stem[] from conduct dealing with firearms and domestic violence," such that "all of them are relevant conduct" to his federal offense. Thus, he maintains, his federal and state sentences should run concurrently, rather than consecutively. But the record as a whole plausibly supports the district court's finding that Rahimi's pending state charges involve alleged conduct not part of the same course of conduct as Rahimi's possession of a firearm in violation of a restraining order (and thus in violation of § 922(g)(8)). *Accord Rahimi*, 2022 WL 2070392, at *1–2.

We AFFIRM Rahimi's conviction and sentence. Appellant shall have fourteen days after entry of this opinion to file any petition for rehearing. *See* FED. R. APP. P. 40(a)(1).

James C. Ho, *Circuit Judge*, concurring:

The Supreme Court can adjust or amend its own precedents at its discretion. Inferior courts have no such luxury. The Supreme Court has repeatedly instructed us to follow its precedents, whether we agree with them or not—and whether we expect the Court itself to follow them or not. *See, e.g., Rodriguez de Quijas v. Shearson/Am. Exp.*, 490 U.S. 477, 484 (1989); *Agostini v. Felton*, 521 U.S. 203, 237 (1997); *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *United States v. Hatter*, 532 U.S. 557, 567 (2001).

So we'd be defying the Court's express command if we decided cases based on anticipated changes to its precedents. It's up to the Court to modify or overrule its own precedents, as it alone deems appropriate—and to reverse us when it does. *See, e.g., Jackson Women's Health Org. v. Dobbs*, 597 U.S. 215 (2022), *rev'g* 945 F.3d 265 (5th Cir. 2019).

That's exactly what happened here. We faithfully applied the Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023). No member of our court disagreed with our interpretation or application of *Bruen*. As one of our distinguished colleagues put it, our job is not to relitigate *Bruen*, but to "operat[e] in good faith" and "faithfully implement *Bruen*." *United States v. Daniels*, 77 F.4th 337, 357–58 (5th Cir. 2023) (Higginson, J., concurring).

The Court has now modified *Bruen*—as our decision today explains. *See United States v. Rahimi*, 602 U.S. _ (2024), *rev'g* 61 F.4th 443; *ante*, at 2 n.1. I write separately to note a second alteration to Court precedent. In the past, the Court has held unconstitutional laws that punish people who don't belong in federal prison—even if the defendant himself does. *See, e.g., United States v. Lopez*, 514 U.S. 549 (1995); *see also United States v. Kersee*, 86 F.4th 1095, 1101–02 & n.2 (5th Cir. 2023) (Ho, J., concurring). That principle readily applies here—victims of domestic violence don't belong in prison.

* * *

Violent criminals should be disarmed, detained, prosecuted, convicted, and incarcerated. *See Rahimi*, 61 F.4th at 463 (Ho, J., concurring). No doubt that's what Congress had in mind when it enacted 18 U.S.C. § 922(g)(8). But § 922(g)(8) also punishes *victims* of domestic violence. As a number of amici have explained, § 922(g)(8) punishes victims who don't present any danger to anyone, but who are nevertheless subject to a protective order. It should go without saying that domestic violence victims shouldn't be imprisoned for exercising their Second Amendment rights.

The National Association of Criminal Defense Lawyers and the Bronx Defenders Union, for example, noted that "the Government tries to assure this Court that states are foolproof in issuing orders of protection," but that "[t]his could not be further from the truth." Brief of The Bronx Defenders Union and National Association of Criminal Defense Lawyers as Amici Curiae in Support of Respondent, at 4, *United States v. Rahimi*, No. 22–915 (2024). "In our experience, the net of orders of protection is so big that it frequently entangles . . . *the actual victims in the relationships*." *Id.* (emphasis added). "The Government does not address the reality that states frequently get it wrong"—namely, by "arresting the wrong partner." *Id.* at 4–5.

The California Public Defenders Association and the Alameda County Public Defenders expressed the same concerns. They observed that "[t]here is almost no incentive to deny a petitioner a restraining order." Brief of Amici Curiae Alameda County Public Defenders and California Public Defenders Association in Support of Respondent, at 33, *United States v. Rahimi*, No. 22–915 (2024). "[T]rial judges are often personally invested in being overly cautious." *Id.* "We have observed firsthand how mutual restraining orders are prone to manipulation and weaponization of a very

important process, not to mention disarming *the victim of domestic violence.*" *Id.* at 34 (emphasis added).

Other amici identified similar issues. *See*, *e.g.*, Brief of Amici Curiae Phyllis Schlafly Eagles and Eagle Forum Education & Legal Defense Fund in Support of Respondent, at 3–4, *United States v. Rahimi*, No. 22–915 (2024) ("It has long been common knowledge that restraining orders are used by lawyers for strategic advantage, rather than for genuine safety concerns.").

\* \* \*

The message of these amici is simple: § 922(g)(8) punishes victims of domestic violence. *See also Rahimi*, 61 F.4th at 465–67 (Ho, J., concurring) (quoting scholars and judges who have expressed similar concerns).

On the other hand, Zackey Rahimi is by all accounts a dangerous person who should be in prison. So should we decline to hear his claim, and wait to address the problems with § 922(g)(8) in some future case?

Well, consider what the Court did in *Lopez*. Like Rahimi, Lopez is a dangerous person. Lopez was paid to bring a gun to school "so that he . . . could deliver it after school to 'Jason,' who planned to use it in a 'gang war.'" *United States v. Lopez*, 2 F.3d 1342, 1345 (5th Cir. 1993). But the Court nevertheless decided Lopez's Commerce Clause challenge—and held the Gun-Free School Zones Act unconstitutional—because it sweeps in those who don't belong in a federal prison. *See* 514 U.S. at 562 ("§ 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.").

The same logic applies here. As counsel for Rahimi explained:

> Ours is a facial challenge in the way that *Lopez* was a facial challenge, where the facts of *Lopez* were clearly within

> Congress's power under the Commerce Clause. This Court found the facts of that case were Person A was going to pay Lopez $40 to give that gun to Person C after school.
>
> That's within the commerce power, but the statute itself was not within Congress's power to enact. And so that statute failed as it then existed, the pre-amendment version of the Gun-Free School Zones Act, on its face.

Oral Arg. Tr. at 64, *United States v. Rahimi*, No. 22–915 (2024).

As noted, *Lopez* involved a claim under the Commerce Clause, not the Second Amendment. But the Court has repeatedly instructed that "[t]he constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Bruen*, 597 U.S. at 70 (quoting *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010) (plurality opinion)). So our court dutifully decided Rahimi's claim.

The Supreme Court has now decided *Rahimi*. The decision does not mention *Lopez*, and it does not allow Rahimi to litigate the sincere concerns expressed by various amici curiae, judges, scholars, and practitioners. It does acknowledge the "potential faults" with § 922(g)(8). 602 U.S. at _ n.2. But it concludes that any defects must be addressed in a future proceeding.[1]

I accordingly agree that we should affirm.

---

[1] In response to *Lopez*, Congress fixed § 922(q) to ensure that it targets only those who belong in federal prison. *See* Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, § 101(f), 110 Stat. 3009, 3009-370 (1996) (codified as amended at 18 U.S.C. § 922(q)(2)(A)). Congress could likewise fix § 922(g)(8) to ensure that it targets only violent criminals, and not victims of domestic violence.